**Michael Evan KEELING,
Petitioner–Appellant,**

v.

**Ben VARNER, Superintendent, Dallas Correctional Facility, S/H/A Nassau County Supreme Court, Respondent–Appellee.**

**Docket No. 04–0721.**

United States Court of Appeals, Second Circuit.

Aug. 8, 2005.

Steven A. Feldman, Feldman and Feldman, Hauppauge, N.Y. (on submission), for Petitioner–Appellant.

Cristin N. Connell, Assistant District Attorney, Nassau County for Denis Dillon, District Attorney, Nassau County (Robert A. Schwartz, Assistant District Attorney, on the brief), Mineola, NY, for Respondent–Appellee.

PRESENT: CALABRESI, RAGGI, Circuit Judges, and MURTHA,* District Judge.

---

* The Honorable J. Garvan Murtha, United States District Judge for the District of Vermont, sitting by designation.

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

In 1997, petitioner-appellant, Michael Evan Keeling ("Keeling"), was convicted of three counts of first-degree robbery for crimes he committed in Nassau County in the spring of 1994. He sought federal habeas review of these convictions under 28 U.S.C. § 2254 on the basis of his speedy trial rights under Article IV(c) of the Interstate Agreement on Detainers ("IAD"), 18 U.S.C.A.App. § 2 (2000). The district court (Weinstein, J.) denied his petition on the grounds that IAD claims are not cognizable on habeas review without evidence of prejudice. *See Reed v. Farley,* 512 U.S. 339, 342, 114 S.Ct. 2291, 129 L.Ed.2d 277 (1994) ("We hold that a state court's failure to observe the 120–day rule of IAD Article IV(c) is not cognizable under § 2254 when the defendant registered no objection to the trial date at the time it was set, and suffered *no prejudice attributable to the delayed commencement.*") (emphasis added). Petitioner appeals that denial. We assume that the parties are familiar with the facts, the procedural history, and the scope of issues on appeal.

Because petitioner has not asserted or established the type of prejudice required by the Supreme Court in *Reed v. Farley,* habeas relief is not available on the basis of petitioner's right to a speedy trial under the IAD. *Cf. United States v. Williams,* 372 F.3d 96, 112–13 (2d Cir.2004) (finding no violation of the defendant's right to a speedy trial where defendant had "failed to articulate prejudice from the delay with any specificity").

We have considered all of the petitioner's arguments, and have found them to be without merit.  Accordingly, the judgment of the district court is hereby AFFIRMED.